**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DALE R. HURD, | No. 10-56453 |
| Plaintiff - Appellant, | D.C. No. 3:02-cv-00460-BEN-WMC |
| v. | |
| SILVIA GARCIA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted March 6, 2012[**]

Before:    B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Dale R. Hurd, a former California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

defendants violated his constitutional rights.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), and we affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Hurd's due process and equal protection claims. As to due process, Hurd failed to raise a genuine dispute of material fact as to whether the prison lockdown imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Hayward v. Procunier*, 629 F.2d 599, 601-03 (9th Cir. 1980) (no due process violation where lockdown instituted for attacks on inmates). As to equal protection, Hurd failed to raise a triable dispute as to whether the race-based security measures were narrowly tailored and implemented to accomplish the compelling government interest of restoring prison security and discipline following the race-based riots and violence. *See Johnson v. California*, 543 U.S. 499, 509-15 (2005).

However, summary judgment on Hurd's Eighth Amendment lack-of-outdoor-exercise and failure-to-protect claims, and First Amendment retaliation claims was improper.

As to the lack of outdoor exercise, although segregated outdoor exercise during a lockdown is not *per se* unconstitutional, *see id.* (racial segregation in prisons is not unconstitutional if necessary for prison security and discipline),

there is a triable dispute as to why segregation was used during the lockdown for some aspects of the modified programming but was not used as a means of providing outdoor exercise for inmates, *see Richardson v. Runnels*, 594 F.3d 666, 672 (9th Cir. 2010) (noting that exercise is one of the basic human necessities protected by the Eighth Amendment and that claims involving a prisoner's right to exercise require a full consideration of context and a fully developed record).

As to the failure to protect, defendants knew through a confidential informant that Hurd was at risk of being attacked, and there is a triable dispute as to why defendants transferred Hurd to Facility C rather than into administrative segregation. *See Farmer v. Brennan*, 511 U.S. 825, 842, 848-49 (1994) (inmate's failure to notify prison officials of risk of harm or concern for safety is not dispositive; whether a prison official had the requisite knowledge of a substantial risk may be shown through the "fact that the risk was obvious").

As to retaliation, there are triable disputes as to (1) whether defendants Price's and Anti's threats, the circulation of the program sheet demonstrating that Hurd would have the opportunity to assault an African-American inmate, and the transfer of Hurd to Facility C rather than into administrative segregation were adverse actions; (2) whether these actions were taken because of Hurd's First Amendment activities of filing complaints, grievances, and legal actions;

(3) whether these actions chilled Hurd's exercise of his First Amendment rights; and (4) whether the actions reasonably advanced a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003) ("[P]rison officials may not defeat a retaliation claim on summary judgment simply by articulating a general justification for a neutral process, when there is a genuine issue of material fact as to whether the action was taken in retaliation for the exercise of a constitutional right.").

As defendants concede, the district court erred to the extent that it substituted Warden Giurbino for former Warden Garcia on claims brought against Garcia in her individual capacity.

Hurd's remaining contentions, including those concerning the district court's discretionary discovery decisions, are unpersuasive.

We decline to reach the question of qualified immunity. *See Richardson*, 594 F.3d at 672 (question of qualified immunity should be addressed in the first instance by the district court).

We strongly recommend that the district court appoint counsel to represent Hurd on remand.

This panel retains jurisdiction over any future appeals.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**